UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TATE DAVID PROWS, *et al.*,<br>    Plaintiffs,<br><br>vs.<br><br>CITY OF OXFORD, *et al.*,<br>    Defendants. | Case No. 1:23-cv-330<br>McFarland, J.<br>Litkovitz, M.J.<br><br><br>**ORDER** |

This matter is before the Court on the motion filed by defendants City of Oxford, Laura Borso, Doug Elliot, and Sam Perry to stay proceedings pending disposition of their motion to dismiss the amended complaint. (Doc. 13). Plaintiffs did not respond.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In evaluating a motion to stay discovery, the court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, Mar. 4, 2008). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *Id.* at *2 (citing *Ohio Bell Telephone Co.*, 2008 WL 641252, at *2 (court denied the defendants' motion to stay discovery despite their pending motion to dismiss where the issue of subject matter jurisdiction raised in the motion to dismiss was "fairly debatable," it appeared the court might be able to exercise jurisdiction over some of the plaintiff's claims, and the motion to dismiss was not filed until after the case had been pending for 13 months)). *See also Williams v. New Day Farms, LLC*, No. 2:10-cv-394, 2010 WL 3522397, at *2 (S.D. Ohio

Sept. 7, 2010) (the argument that a party intends to file or has filed a motion to dismiss is generally insufficient to support a stay of discovery). However, a stay may be appropriate where the dispositive motion raises an issue, such as immunity from suit, "which would be substantially vitiated absent a stay. . . ." *Id.*

"The Supreme Court requires that civil-rights actions brought under § 1983 play out in stages to shield government officials from the 'burdens of litigation.'" *In Re Flint Water Cases*, 960 F.3d at 826 (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985))). Where a government official asserts qualified immunity on all claims in a § 1983 action, the court should stay discovery until the immunity issue is resolved. *Id.*

The Court finds that under the circumstances presented by this case, a stay of discovery is appropriate. Defendants argue that they are entitled to statutory or qualified immunity from plaintiffs' claims. (*See* Doc. 12). Plaintiffs have not alleged, and the Court does not perceive, that a stay of discovery at this juncture will be burdensome. In contrast to the absence of prejudice to plaintiffs, to require defendants to participate in discovery at this stage of the proceedings would potentially burden defendants with unnecessary costs and work, given that the need for any discovery in this lawsuit would be eliminated if they succeed in their immunity defenses. The burden on defendants at this juncture outweighs any hardship that a delay in proceeding with discovery would impose on plaintiffs.

**IT IS THEREFORE ORDERED THAT** defendants' motion to stay (Doc. 13) is **GRANTED**, and discovery and further motion practice is hereby **STAYED** pending the

disposition of defendants' motion to dismiss plaintiffs' amended complaint (Doc. 12).

    **IT IS SO ORDERED.**

Date: 12/23/2023

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge