UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TATE DAVID PROWS, *et al.*,               Case No. 1:23-cv-330
      Plaintiffs,                         McFarland, J.
                                          Litkovitz, M.J.
    v.

CITY OF OXFORD, *et al.*,                 **ORDER AND SUPPLEMENTAL**
      Defendants.                         **REPORT AND RECOMMENDATION**

This matter is before the Court on the motion by the City of Oxford (Oxford); its code enforcement officer, Laura Borso; its city manager, Doug Elliott; and its community development director, Sam Perry (defendants) for leave to raise res judicata as an additional ground for dismissal.  (Doc. 42).  Plaintiffs Tate and Ann Prows filed a response (Doc. 43), and defendants filed a reply in support of their motion (Doc. 46).  Plaintiffs also filed a motion for leave to file a surreply, which defendants oppose.  (*See* Docs. 47-49).

## I.     Background

Plaintiff Tate Prows filed this action on May 30, 2023, alleging federal constitutional violations and Ohio state law violations.  (*See* Docs. 1, 11 (amended complaint, which added Ann Prows as a plaintiff)).  Briefly stated, plaintiffs' lawsuit concerns Oxford's enforcement during the summer and fall of 2021 of a local ordinance about maintaining weeds and grass. (*See generally* Doc. 11).  Defendants moved to dismiss plaintiffs' amended complaint on July 25, 2023.  (Doc. 12).

Meanwhile, on October 2, 2023, plaintiff filed a lawsuit in the Court of Common Pleas for Butler County, Ohio (the Ohio court/Ohio action), which alleges numerous violations of Ohio's Constitution based on the same facts and circumstances alleged in the above-captioned

lawsuit.  (*See generally* Doc. 42-1).  The Ohio action names the same defendants as named in the above-captioned lawsuit.  (*Id.* at PAGEID 401).

On December 14, 2023, the Ohio court issued a final appealable order granting defendants' motion to dismiss with prejudice.  (Doc. 42-2 (Ohio court decision)).  The Ohio court designated its decision a "final appealable order" (*see id.* at PAGEID 450; Doc. 42-3 (Ohio court "Notice[s] of Filing of Final Appealable Order")).  Under Rule 4(A)(1) of the Ohio Rules of Appellate Procedure, "a party who wishes to appeal" from such an order "shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  Ohio R. App. P. 4(A)(1).  As such, plaintiffs' appeal from the Ohio court's order was due to be filed on or before January 15, 2024.[1] The Ohio court's docket reflects no notice of appeal.[2]  *See* <u>CV 2023 10 1947 PROWS, TATE et al vs. CITY OF OXFORD et al –SPAETH</u>, Mary L. Swain Butler County Clerk of Courts, *https://clerkservices.bcohio.gov/eservices/searchresults.page?x=wRg5j8U5mouEjl09pREqAIPD KO58sM9MmFbYV1aDrfKUq\*69gU8aSfDU6bN54KKeVNmOf\*SKN\*vAiPvcoiLSmQ* [https://perma.cc/PQW7-CMBA].

On January 24, 2024, this Court issued a Report and Recommendation—still pending before the District Judge—that all of plaintiffs' claims be dismissed.  (Doc. 29).  On May 13, 2024, defendants filed their pending motion to add res judicata as an additional ground for dismissal.  (Doc. 42).

---

[1] The thirtieth day from the entry was Saturday, January 13, 2024, making the deadline January 15, 2024.  *See* Ohio R. Civ. P. 6(A) ("The last day of the period . . . computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.").

[2] The Ohio Rules of Appellate Procedure state that a notice of appeal is to be filed with the trial court.  *See* Ohio R. App. P. 3(A).  Plaintiffs do not dispute that their time to appeal the Ohio state court's decision has "lapsed. . . ." (Doc. 43 at PAGEID 472).

## II.     Motion for leave to raise res judicata

Plaintiffs do not appear to contest defendants' request *for leave* to raise res judicata as an additional ground for their motion to dismiss.  Rather, plaintiffs focus on the substance of the res judicata argument and ask that Court deem the matter "fully briefed" on the merits with their response (Doc. 43 at PAGEID 472)—a suggestion with which defendants agree in their reply (*see* Doc. 46 at PAGEID 492).  Under these circumstances, the Court **GRANTS** defendants' motion for leave to raise res judicata as an additional ground for dismissal (Doc. 42).  *Cf. Emswiler v. CSX Transp., Inc.*, No. 2:09-cv-1004, 2011 WL 2135053, at *3 (S.D. Ohio Apr. 27, 2011) (granting leave to raise a supplemental ground supporting a party's motion for summary judgment).

## III.    Motion for leave to file a surreply

As the basis for this motion, plaintiffs simply note their pro se status and ask for "an opportunity to formulate their objections" since defendants took approximately four months to present this res judicata argument (i.e., the Ohio court judgment at issue became final in January 2024, and defendants did not file their motion for leave until May 2024).  Defendants argue that plaintiffs have not demonstrated good cause to file a surreply, and that plaintiff's proposed arguments reflect misunderstandings of applicable law.

Local Rule 7.2(a)(2) states that "[n]o additional memoranda beyond [the motion, memorandum in opposition, and reply memorandum] are permitted except upon leave of court for good cause shown."  *Id.*  The Local Rule does not define "good cause" for filing any additional memoranda.  *Id.*; *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 WL 4117552, at *4 (S.D. Ohio Oct. 19, 2010).  Generally, good cause exists where the reply brief raises new grounds that were not included in the movant's initial motion.

*Comtide Holdings, LLC*, 2010 WL 4117552, at *4.  A different result is warranted when the opposing party knew or should have known at the time it filed its responsive memorandum that a matter had been placed in issue but the party did not make its arguments and submit its proof at that time.  *Id.*  Allowing a party to submit a surreply under those circumstances would give the party "the proverbial 'second bite at the apple.'"  *Id.*

In addition, "[a] 'desire to correct mischaracterizations and to explain the new cases' cited in a reply memorandum does not ordinarily establish good cause for filing a sur-reply." *Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours and Co.*, No. 2:09-cv-1081, 2014 WL 12651139, at *2 (S.D. Ohio Oct. 31, 2014) (quoting *Bishop v. Children's Ctr. for Developmental Enrichment*, No. 2:08-cv-766, 2011 WL 5506105, at *2 (S.D. Ohio Nov. 10, 2011).  It is the Court's role to determine whether the parties before it have accurately presented the facts, the opposing parties' arguments, and the applicable propositions of law, or whether the parties have mischaracterized the facts, arguments, and legal propositions.  *Bishop,* 2011 WL 5506105, at *2.

Plaintiffs' proposed surreply does not purport to address new arguments raised by defendants for the first time in their reply.  Rather, the proposed surreply simply responds to a case cited by defendants in reply, restates arguments raised in their opposition, and raises new theories that could and should have been raised in that opposition.[3]  These are paradigmatically *not* proper bases for a surreply, and plaintiffs' motion is therefore denied.  *See Comtide Holdings, LLC*, 2010 WL 4117552, at *4 ("[T]his Court has consistently held that in order for a

---

[3] Briefly, plaintiffs restate in their proposed surreply their beliefs that the Court must convert the motion to dismiss into a motion for summary judgment under Rule 12(d), and that the Ohio court would have abstained from hearing their federal claims.  Plaintiffs also make new arguments that the Ohio court did not have subject matter jurisdiction; that the Ohio court's decision was not on the merits; that various elements of the Restatement (Second) of Judgments demonstrate that the application of res judicata is not appropriate under these circumstances; and that defendants waived any res judicata argument.

party to be given permission to file a sur-reply, the reply brief must raise new grounds that were

not presented as part of the movant's initial motion.").

## IV.    Supplemental report and recommendation

### A.    Standard of review

When deciding whether a state court judgment bars claims brought in federal court,

"[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment

receives in the rendering state." *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399,

414 (6th Cir. 2016) (quoting *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28

U.S.C. § 1738)).  To do so, the Court must "analyze the preclusive effect of [the Ohio court's]

decision under Ohio law." *Id.*

According to the Supreme Court of Ohio: "The doctrine of res judicata involves both

claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion

(traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228

(Ohio 1995).  The Court here considers claim preclusion.  (*See* Doc. 42 at PAGEID 399 ("[T]he

claim preclusion aspect of res judicata prohibits Plaintiffs from litigating any claims in this

federal action that either were or **could have been** litigated in the state court action.")).  The

*Grava* court held that "a valid, final judgment rendered upon the merits bars all subsequent

actions based upon any claim arising out of the transaction or occurrence that was the subject

matter of the previous action." *Grava*, 653 N.E.2d at 229.

The Sixth Circuit has interpreted *Grava* to require the following four elements for claim

preclusion under Ohio law:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction;
> (2) a second action involving the same parties, or their privies, as the first; (3) a
> second action raising claims that were or could have been litigated in the first

action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Kettering Health Network*, 816 F.3d at 415 (quoting *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997)).

      B.    <u>Arguments</u>

Defendants argue that, while unusual, plaintiffs were permitted to pursue simultaneous cases in federal and state court based on the same facts because the courts have concurrent jurisdiction. Once the Ohio court issued its final judgment, however, this Court was required to give that judgment the preclusive effect to which it was entitled under Ohio law. Defendants argue that each of the *Hapgood* elements is satisfied here.

Plaintiffs argue in response that to consider this additional ground for dismissal, the Court must convert defendants' motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12(d). Plaintiffs next argue that they could not have brought their claims based on Ohio's Constitution in federal court, and they could not have brought their federal claims in state court—in particular, their allegations that defendants violated several federal criminal statutes (18 U.S.C. §§ 241, 242, 876(d), 1341) and their request that this Court initiate prosecutions (42 U.S.C. § 1987) (*see* Doc. 11 at PAGEID 140, 175-76).[4] Plaintiffs next argue that principles of federalism should weigh against preempting the federal court's decision. Plaintiffs next argue that if they had brought the exact same claims in both forums, the Ohio state court would have "subjected their claim to dismissal, removal, or abatement" or abstained from hearing their federal claims—reasoning that it was futile to raise them there. (Doc. 43 at PAGEID 477-78). Plaintiffs next argue that the doctrine of "claim-splitting" would have precluded them from

---

[4] Plaintiffs also reference a theoretical 28 U.S.C. § 1985(3) conspiracy claim that is not alleged in their operative complaint, but which they plan to include in an amended complaint if the case is not dismissed. (*See* Doc. 43 at PAGEID 476).

raising their federal claims in the Ohio action. Finally, plaintiffs argue that as pro se plaintiffs, they should not be penalized for their ignorance on the doctrine of res judicata and its consequences.

In reply, defendants note that plaintiffs do not dispute the premise that they brought concurrent actions in federal and state forums against the same defendants based on the same underlying facts: the second and fourth elements of the *Hapgood* test. Defendants also argue that it is not necessary to convert their motion to dismiss into a motion for summary judgment because the additional documents on which they rely—the Ohio court's record—are the appropriate subject of judicial notice under Rule 201(b)(2) of the Federal Rules of Evidence.

As to plaintiffs' substantive arguments, defendants argue that this Court would have had jurisdiction over plaintiffs' Ohio constitutional claims; and in any event, this is irrelevant to the *Hapgood* test, which considers whether claims could have been brought in the *state court* action. As to whether plaintiffs' federal claims could have been heard in the Ohio court, defendants argue that plaintiffs' amended complaint did not actually assert discrete claims under any of the federal statutes that they allege could not have been heard by the Ohio court (i.e., 28 U.S.C. § 1985(3); 18 U.S.C. §§ 241, 242, 876(d), and 1341; and 42 U.S.C. § 1987). Even if plaintiffs *had* raised such discrete claims under these statutes, defendants argue that state courts can and do adjudicate federal conspiracy claims under 28 U.S.C. § 1985(3), and there is simply no private right of action related to the other federal statutes they invoke in their amended complaint. Defendants argue that even in the unlikely event the Court were to find that plaintiffs actually asserted discrete claims under these statutes that were unsuitable for adjudication by the Ohio court, this would not prevent the application of claim preclusion to all of the *other* claims in plaintiffs' amended complaint. Defendants lastly note that plaintiffs did not specifically object to

the undersigned's treatment of these federal statutes in her Report and Recommendation (*see*

Doc. 29 & PAGEID 312 (not construing plaintiffs' amended complaint to assert discrete claims

under 18 U.S.C. §§ 241, 242, 876(d), 1341; or 42 U.S.C. § 1987)), and any claims thereunder are

therefore waived.

      C.    <u>Analysis</u>

     The Court begins with plaintiffs' procedural argument against the application of res

judicata.  In *Gardner by & through Strunk v. Corcoran*, No. 1:20-cv-209, 2021 WL 10396575

(S.D. Ohio Sept. 30, 2021), this Court considered the preclusive effect of a state court's dismissal

of the plaintiff's claims.  Just as here, the defendant sought leave to add the additional ground of

res judicata to her pending motion to dismiss, and the Court did not find it necessary to convert

the motion to dismiss into a motion for summary judgment under Rule 12(d).  *See id.* at *2

("[T]he Court . . . will consider the . . . motion to dismiss with a supplement that contains a res

judicata argument.  (The state court decision, attached to the motion for leave, is a court record

of which the Court may take judicial notice.  *Lynch v. Leis*, 382 F.3d 642, 648 (6th Cir. 2004).)."

*See also Darden v. Montgomery Cnty. Bd. of Comm'rs.*, No. 3:22-cv-264, 2023 WL 3764272, at

*5 (S.D. Ohio June 1, 2023) ("On a motion to dismiss, a court considering an affirmative defense

of *res judicata* may take judicial notice of public records including judicial proceedings.")

(citations omitted), *appeal docketed*, No. 23-3501 (6th Cir. July 12, 2023).  Notwithstanding

Ohio law to the contrary, "[t]he weight of the authority allows a federal court to consider a

preclusion defense in a Rule 12(b)(6) motion to dismiss."  *See Apseloff v. Fam. Dollar Stores,

Inc.*, No. 1:06-cv-133, 2006 WL 1881283, at *1 & nn.1-3 (S.D. Ohio July 6, 2006) (quoting

*Daubenmire v. City of Columbus*, 452 F. Supp. 2d 794, 804 (S.D. Ohio 2006), *aff'd in part, rev'd

in part on other grounds and remanded*, 507 F.3d 383 (6th Cir. 2007)).  Consideration of

defendants' res judicata argument does not require the conversion of their motion to dismiss into a motion for summary judgment, and the Court may consider defendants' motion to dismiss as supplemented.

Turning to plaintiffs' substantive arguments, they do not appear to contest that elements two and four of the *Hapgood* test are met. The Court therefore begins with element one: whether there is a prior, final, valid judgment on the merits. "[A] dismissal grounded on a complaint's failure to state a claim upon which relief can be granted constitutes . . . an adjudication on the merits. As a result, res judicata bars refiling the claim." *U.S. ex rel. Sheldon*, 816 F.3d at 415 (6th Cir. 2016) (quoting *State ex rel. Arcadia Acres v. Ohio Dep't of Job & Family Servs.*, 914 N.E.2d 170, 174 (Ohio 2009) (internal quotation marks omitted) (citing Ohio Civ. R. 41(B))).

Defendants meet this first element of the *Hapgood* test. The Ohio court's order granted defendants' motion under Rule 12(B)(6) of the Ohio Rules of Civil Procedure and dismissed the action with prejudice for failure to state a claim under which relief can be granted. (Doc. 42-2 at PAGEID 450, 459). The decision explains that plaintiffs failed to allege any cause of action entitling them to monetary damages, defendants were entitled to immunity from damages under state law, and that the claims against defendants Borso and Eliot were barred by the statute of limitations. (*See* Doc. 42-2 at PAGEID 453-58). This is an adjudication on the merits under Ohio law.

Plaintiffs most vigorously contest the third element of the *Hapgood* test: whether the claims raised in the above-captioned case could have been raised in the Ohio state court action. Plaintiffs argue that claim preclusion is not appropriate because they could not have brought their Ohio constitutional claims in this Court, but this is both irrelevant to the *Hapgood* analysis and inaccurate. *See Hagedorn v. Cattani*, 715 F. App'x 499, 509 (6th Cir. 2017) (considering an

Ohio constitutional claim and collecting district court cases within the circuit ruling on such claims).

Plaintiffs also argue that claim preclusion is not appropriate because they invoked federal criminal statutes and a statute regarding criminal prosecution and hope to amend their complaint to add a 28 U.S.C. § 1985(3) claim, and none of these claims could have been heard by the Ohio court. First, even if the § 1985(3) argument were not entirely theoretical (the parties agree that this claim is not before the Court), it is without merit. State courts can and do adjudicate claims under 28 U.S.C. § 1985(3), and plaintiff cites no authority otherwise. *See, e.g.*, *Triple Diamond Trucking & Excavating LLC v. Trumbull Cnty. Land Reutilization Corp.*, No. 2018-T-0017, 2018 WL 6723341, at *10 (Ohio Ct. App. Dec. 21, 2018) (ruling on a § 1985(3) claim); *Jamison v. Galena*, 38 N.E.3d 1176, 1188-89 (Ohio Ct. App. 2015) (same).

As to the remaining federal criminal and prosecution statutes invoked by plaintiffs, defendants argue that these were not asserted as discrete claims in the amended complaint, and plaintiffs did not challenge the undersigned's treatment of these statutes in her Report and Recommendation (Doc. 29). (*See* Doc. 36 (plaintiffs' objection to this Report and Recommendation)). Indeed, "[a]s long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection" to a Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981), and *Thomas v. Arn*, 474 U.S. 140, 147-50 (1985)). As such, the Court finds it unnecessary to decide whether claim preclusion applies as it relates to these federal statutes.

Plaintiffs next argue that they could not have filed their federal claims in the Ohio court because this would have amounted to "claim-splitting"—a disfavored practice. The Court

disagrees.  The Sixth Circuit explained this disfavored practice in *Wilkins v. Jakeway*, 183 F.3d

528 (6th Cir. 1999).  There, the plaintiff filed two lawsuits *in the same court* based on the same

transaction or occurrence but each used a different legal theory: one used the First Amendment

and the other used the False Claims Act.  *Id.* at 531.  The court explained:

> [B]y bringing two different suits which present two different theories of the case
> arising from the same factual situation, counsel has engaged in the precise behavior
> the doctrine res judicata seeks to discourage.  *See generally* Restatement (Second)
> of Judgments § 24, 25 cmt. a, d (explaining that res judicata extinguishes all claims
> arising out of the same transaction of series of transactions.  As such, a plaintiff is
> pressured to present all material relevant to the claim in one action, including any
> and all theories of the case even where those theories are based on different
> substantive grounds.).    This type of duplicity should be avoided at all costs.
> "Courts apply the doctrine of res judicata to promote the finality of judgments,
> which in turn increases certainty, discourages multiple litigation and conserves
> judicial resources." *Sanders Confectionery Products, Inc., v. Heller Financial Inc.*,
> 973 F.2d 474, 480 (6th Cir.1992), *cert. denied*, 506 U.S. 1079, 113 S. Ct. 1046, 122
> L. Ed. 2d 355 (1993).  Although this Plaintiff "lucked out" because the first decision
> to arrive at judgment was not a final decision on the merits as to all the Defendants
> named in the instant matter, not every claimant who brings two separate suits
> arising from one mutual set of facts will be so fortunate.

*Id.* at 535.  *See also Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006) ("The filing of

multiple *federal* actions arising out of the same facts is strongly discouraged, and plaintiffs take

such a course at the peril that the adjudication of one case will have preclusive effect on the

other.") (emphasis added).  Where a plaintiff has engaged in "claim-splitting," also known as

duplicative litigation, by filing two lawsuits in the same court based on different legal theories, a

district court may exercise its "inherent discretionary authority to manage its own docket" by

dismissing the subsequent case under the same principles that support the application of res

judicata.  *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019).

As the cases above demonstrate, the disfavored practice referred to by the term "claim-

splitting" generally refers to filing two lawsuits *in the same court* based on the same facts and

same parties but different legal theories, which is not what occurred here.  *Cf. Colorado River*

*Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ) ("Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." [*McClellan v. Carland*, 217 U.S. 268, 282 (1910). *See* [*Donovan v. City of Dallas*, 377 U.S. 408 (1964)]. As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Plaintiffs' reference to the Sixth Circuit's unfavorable view of "claim-splitting" does not persuade the Court that the application of claim preclusion is inappropriate under the circumstances at bar.

Plaintiffs next argue that to have brought the claims from the above-captioned action in the Ohio action would have invited "dismissal, removal, . . . [or] abatement" of their claims or the exercise of abstention. (*See* Doc. 43 at PAGEID 477-78). Plaintiffs cite no authority to support or otherwise develop this argument. Authority from the Supreme Court of the United States demonstrates that two concurrent lawsuits may proceed regarding the same subject matter. *Cartwright v. Garner*, 751 F.3d 752, 761 (6th Cir. 2014) (quoting *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939)) ("[I]t is well settled that where the judgment sought is strictly in personam, both the state court and federal court, having concurrent jurisdiction, may proceed . . . at least until judgment is obtained in one of them which may be set up as res judicata in the other."). *See also Colorado River Water Conservation Dist.*, 217 U.S. at 282. Plaintiffs also cite various authorities discussing situations when it is inappropriate to apply the doctrine of claim preclusion (*see* Doc. 43 at PAGEID 478),[5] but none of them are applicable to the circumstances of this case.

---

[5] Plaintiffs proffer authority that claim preclusion may not be appropriate where a certain remedy is unavailable in the first forum, and when two suits are not truly duplicative. But plaintiffs do not demonstrate that these exceptions are applicable.

D.     Conclusion

The overall tenor of plaintiffs' position is that it is fundamentally unfair to allow the Ohio

court's judgment to preclude further litigation in federal court since they have raised "violations

of federal law and federally protected rights. . . ."  (Doc. 43 at PAGEID 475).  But the Sixth

Circuit has explained:

> [T]wo proceedings touching the same subject matter can proceed separately in state
> and federal court, and the one to reach judgment first may bar the other.  *See*
> [*Quality Assocs., Inc. v. Procter & Gamble Distrib., LLC*, 949 F.3d 283, 288-89
> (6th Cir. 2020); *Lesher v. Lavrich*, 784 F.2d 193, 195 (6th Cir. 1986).  So it is not
> inequitable to let both proceedings go forward and then use the first action that
> reaches judgment to bar the other.  In fact, that is exactly what the general rule says
> should happen.  *See* [*Penn Gen. Cas. Co. v. Commonwealth of Penn. ex rel.
> Schnader*, 294 U.S. 189, 195 (1935)]; *Quality Assocs., Inc.*, 949 F.3d at 289.
>
> . . . .
>
> [T]he general rule that courts should allow cases touching the same subject matter
> in different courts to proceed and *then* apply res judicata, *Quality Assocs., Inc.*, 949
> F.3d at 288, is not inequitable.  If anything, that's what the traditional rules of claim
> preclusion instruct courts to do.

*William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 875 (6th Cir. 2021).

**IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss (Doc.

12) be **GRANTED** for the additional reason that plaintiffs' claims are precluded by the Ohio

court's final appealable order.

Date: 8/1/2024
_____

Karen L. Litkovitz
United States Magistrate Judge

13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TATE DAVID PROWS, *et al.*,                    Case No. 1:23-cv-330
      Plaintiffs,                              McFarland, J.
                                               Litkovitz, M.J.
        v.

CITY OF OXFORD, *et al.*,
      Defendants.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).