**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Ann Prows, et al. | : | CASE NO.  1:23-cv-00330 |
| | | Judge McFarland |
| Plaintiffs, | : | Magistrate Judge Litkovitz |
| | | |
| v. | : | |
| | | DEFENDANTS' RESPONSE IN |
| City of Oxford, et al. | : | OPPOSITION TO PLAINTIFFS' |
| | | OBJECTIONS TO MAGISTRATE |
| Defendants. | : | JUDGE LITKOVITZ'S |
| | | SUPPLEMENTAL REPORT AND |
| | : | RECOMMENDATION |

_____

Defendants the City of Oxford, Laura Borso, Doug Elliot, and Sam Perry submit the following memorandum in reply to Plaintiffs' objections (Doc. No. 52, PageID 553-561) to Magistrate Judge Litkovitz's Order and Supplemental Report and Recommendation (Doc. No. 50, PageID 530-543).  For the reasons set forth below, Magistrate Judge Litkovitz correctly found that res judicata is an additional basis for dismissal of Plaintiffs' claims, and her recommendation that the action be dismissed on application of Ohio's claim preclusion principles should be adopted by the Court.

**<u>MEMORANDUM</u>**

1. **<u>Magistrate Judge Litkovitz did not err in allowing Defendants to supplement their motion to dismiss with the res judicata argument</u>**

On May 13, 2024, Defendants filed a motion for leave to supplement their pending motion to dismiss with the additional ground of res judicata (Doc. No. 42) due to the dismissal of Plaintiffs' related Ohio action subsequent to the filing of their motion to dismiss.  On May 14, 2024, Plaintiffs filed a memorandum in opposition to Defendant's motion to supplement the motion to dismiss (Doc. No. 43), raising arguments contrary to the merits of the application of res

judicata to the circumstances herein.  Plaintiffs did not, however, raise any objection to the issue of res judicata being considered as part of the pending motion to dismiss.

Plaintiffs now appear to have issues with res judicata being considered as part of the motion to dismiss, based on the rejection of their request for leave to file a surreply.  (Plaintiffs' Objections, Doc. No. 52 at PageID 555.)  However, issues raised for the first time in objections to a Magistrate Judge's report and recommendation are deemed waived.  *Smith v. Warden , Dayton Corr. Inst.*, No. 1:22-cv-233, 2024 U.S. Dist. LEXIS 35212, at *10, 2024 WL 865800 (S.D. Ohio Feb. 29, 2024) (citing *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023)).

Furthermore, this Court has previously found that it is appropriate to supplement a pending motion to dismiss to address res judicata issues arising out of the dismissal of a related Ohio state court action that occurs subsequent to the motion to dismiss.  *Gardner v. Corcoran*, No. 1:20-cv-209, 2021 U.S. Dist. LEXIS 264326, at *1-*14, 2021 WL 10396575 (S.D. Ohio Sep. 30, 2021); *see also Emswiler v. CSX Transp., Inc.*, No. 2:09-cv-1004, 2011 U.S. Dist. LEXIS 60505, at *8, 2011 WL 2135053 (S.D. Ohio Apr. 27, 2011) (granting leave to raise a supplemental ground supporting a party's motion for summary judgment).  Accordingly, there was no error in Magistrate Judge Litkovitz permitting Defendants to supplement their motion to dismiss with the res judicata argument and proceeding to consider the merits of that argument.

2. **Magistrate Judge Litkovitz did not err in denying Plaintiffs' request to file a surreply**

In support of their claim that they should have been granted leave to file a surreply, Plaintiffs cite to, *Flournoy v. Seiter*, 835 F.2d 878, 1987 U.S. App. LEXIS 16093, at *1-*2, 1987 WL 24129 (6th Cir. 1987), which merely stands for the irrelevant proposition that affidavits filed by a pro se party subsequent to the initial complaint in response to an answer may be considered as part of the pleadings.  (Plaintiffs' Objections, Doc. No. 52 at PageID 555.)  Plaintiffs also cite

to several cases in which a court exercised its discretion and allowed the filing of a surreply brief. (*Id.*) Plaintiffs ignore, however, the fact that in one of those cases the court also allowed the defendants to file a sur-surreply in order to avoid the plaintiff from having the "last word." *Miller v. A2 Healthcare, L.L.C.*, No. 1:05-cv-607, 2007 U.S. Dist. LEXIS 106559, at *4, 2007 WL 9734583 (S.D. Ohio Jan. 12, 2007).

Plaintiffs' proposed surreply sought to supplement arguments that were or could have been raised in their memorandum opposing Defendants' motion for leave to raise res judicata. The only "good cause" argued by Plaintiffs is the fact that they are pro se. However, as correctly held by Magistrate Judge Litkovitz, this Court has recognized that sur-replies are not appropriate without good cause, even when the party attempting to bring them is pro se. *Sherman v. Portfolio Recovery Assocs., LLC*, No. 1:21-cv-570, 2022 U.S. Dist. LEXIS 57956, at *5-6, 2022 WL 952540 (S.D. Ohio Mar. 30, 2022).

> The rules of civil procedure allow for a party to file only one response in opposition to a pending motion. Plaintiff's pro se status does not excuse her failure to comply with procedural rules. Responses filed following Defendant's reply memorandum are appropriately construed as sur-replies, which are not authorized by either the Federal Rules of Civil Procedure or Local Rules. See Local Rule 7.2. If a party seeks to file a sur-reply, he or she first must file a motion seeking leave of court to do so, with the tendered sur-reply attached to the motion. **This Court rarely permits sur-replies, and will exercise its discretion to permit the filing <u>only</u> if new issues are raised in a reply memorandum.**

*Id.* (emphases added).

Plaintiffs make no argument that there any new issues raised within Defendants' reply memorandum. Plaintiffs also make no claim that the arguments raised in their proposed sur-reply either were not or could not have been raised in their memorandum opposing Defendants' motion. Indeed, Plaintiffs admit that the "additional" arguments they sought to raise in the proposed

surreply were simply the result of additional research they undertook following the submission of their initial memorandum in opposition.

Accordingly, Magistrate Judge Litkovitz appropriately found that there is no good cause for Plaintiffs to file a surreply, and her recommendation to deny their request should be adopted by the Court. Moreover, as set forth below and within Defendants' memorandum opposing the request for leave to file a surreply (Doc. No. 48), even if the arguments within the surreply are considered, Defendants are still entitled to dismissal of the action on the basis of res judicata.

3. **Magistrate Judge Litkovitz did not err in denying Plaintiffs' request to convert Defendants' motion to dismiss to a motion for summary judgment**

Plaintiffs maintain that Defendants' motion to dismiss should have been converted to a motion for summary judgment because the issue of res judicata requires consideration of the docket in the related Ohio state court action. (Plaintiffs' Objections, Doc. No. 52 at PageID 555-556.) However, as Magistrate Judge Litkovitz correctly found, it is well established because that a state court docket can be considered by this Court through judicial notice as part of the motion to dismiss without the need to convert Defendants' motion to summary judgment. *Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC*, 46 F.4th 454, 457 (6th Cir. 2022) ("While the question of whether to grant a Rule 12(b)(6) motion to dismiss is typically confined to the pleadings, we may take judicial notice of other court proceedings without converting the motion into one for summary judgment."); *see also Gardner*, 2021 U.S. Dist. LEXIS 264326, at *1-*14; *Armatas v. Aultman Health Found.*, No. 5:19-CV-00349, 2020 U.S. Dist. LEXIS 53383, at *3 fn. 3, 2020 WL 2482123 (N.D. Ohio Jan. 2, 2020) (recognizing that Fed. R. Evid. 201(b)(2) allows a court to take judicial notice of publicly available online government records whose accuracy cannot reasonably be questioned); *Broom v. Shoop*, 963 F.3d 500, 509 (6th Cir. 2020) (courts "routinely take judicial notice of information contained on state and federal government websites."); *Darden v.*

*Montgomery Cty. Bd. of Comm'rs*, No. 3:22-cv-264, 2023 U.S. Dist. LEXIS 96129, at \*16-17, 2023 WL 3764272 (S.D. Ohio June 1, 2023) ( "On a motion to dismiss, a court considering an affirmative defense of res judicata may take judicial notice of public records including judicial proceedings.").

Plaintiffs also argue that res judicata cannot be raised through a motion to in this federal action because such a motion cannot be used to address res judicata in Ohio state courts. This argument not only confuses the difference between substantive and procedural law, but is also incorrect.

Ohio state courts have recognized that res judicata can be raised through a motion to dismiss when the motion relies on material subject to judicial notice, such as online dockets. *Gold v. Bertram*, 2023-Ohio-4567, ¶¶ 15-19 (4th Dist. Ohio Ct. App.); *Ullom v. Agoston*, 2022-Ohio-3813, ¶¶ 20-27, 199 N.E.3d 693, 696-97 (8th Dist. Ohio Ct. App.). Moreover, "as with all federal actions governed by state substantive law, federal law still governs the procedural aspects of the case." *Brusch v. United States*, 823 F. App'x 409, 411 (6th Cir. 2020). Rejecting Plaintiffs' specific argument within the context of pro se parties, the Sixth Circuit has held as follows:

> Gianetti argues that the district court erred in allowing the defendants to raise res judicata as a defense at the 12(b)(6) stage. He argues that, under Ohio law, res judicata cannot be raised at the dismissal stage. Under well-established Supreme Court precedent, however, federal courts sitting in diversity apply state substantive law but federal procedural law. Federal procedural law allows parties to raise the res judicata defense in a Rule 12(b)(6) motion. Thus, the district court did not err in allowing the defendants to raise res judicata in their Rule 12(b)(6) motion.

*Gianetti v. Houze*, No. 23-3796, 2024 U.S. App. LEXIS 8891, at \*2-3 (6th Cir. Apr. 12, 2024) (cleaned up).

Accordingly, the court should adopt Magistrate Judge Litkovitz's finding that the merits of the application of res judicata be determined as part of Defendants' motion to dismiss rather than converting the motion to one for summary judgment.

4. **Magistrate Judge Litkovitz correctly found that the Ohio action was dismissed on the merits and the first prong of the Ohio claim preclusion doctrine has been met**

Plaintiffs argue, without providing any supporting case law, that Ohio's claim preclusion doctrine is not applicable in this case because the dismissal of their Ohio action was not on the merits.  (Plaintiffs' Objections, Doc. No. 52 at PageID 556-557.)  However, in their initial memorandum opposing Defendants' motion to raise the issue of res judicata, Plaintiffs did not challenge the fact that the dismissal of the Ohio action with prejudice was an adjudication on the merits.  (See Doc. No. 43.)  Thus, the issue of whether the first element of the claim preclusion test is met was waived by Plaintiffs as they improperly sought to raise that issue for the first time in a surreply memorandum, which Magistrate Judge Litkovitz correctly denied leave to file. Additionally, even if Plaintiffs' arguments on this issue are considered, those arguments are directly contrary to clear Ohio precedent regarding when a judgment is an adjudication on the merits and confuse their own failure to state a claim with the issue of subject matter jurisdiction.

Regarding the issue of when a judgment is on the merits, the Ohio Supreme Court has held that "a dismissal grounded on a complaint's failure to state a claim upon which relief can be granted constitutes a judgment that is an adjudication on the merits.  As a result, res judicata bars refiling the claim."  *State ex rel. Arcadia Acres v. Ohio Dep't of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, ¶ 15; *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, ¶ 8 (citing *Arcadia Acres* as support for the conclusion that a dismissal for failure to state a claim is an adjudication on the merits such that res judicata applies); see also *Hughes v. Calabrese*, 95 Ohio

St.3d 334, 2002-Ohio-2217, ¶ 13 (recognizing that under the Ohio Rules of Civil Procedure, a dismissal operates as an adjudication on the merits unless the order specifies otherwise).

Courts have interpreted the Ohio Supreme Court's holding in *Arcadia Acres* to mean that a dismissal under Civil Rule 12(B)(6) is a decision on the merits even when the trial court specifically states that the dismissal is without prejudice. *Martin v. Ohio Univ.*, 2023-Ohio-2511, ¶ 22-23 (4th Dist. Ohio Ct. App.); *Bland v. Toyota Motor Sales*, 2018-Ohio-1728, ¶ 7-8 (2nd Dist. Ohio Ct. App.); *George v. State*, 2010-Ohio-5262, ¶ 14 (10th Dist. Ohio Ct. App.); *see also Armatas*, 2019 U.S. Dist. LEXIS 229531, at *28-29 (holding that based on *Arcadia Acres*, the state court dismissal of a previous action satisfies the first element of the claim preclusion test for determining if res judicata bars a subsequent federal action).

Plaintiffs' also argue that the Ohio action was not dismissed on the merits because their Ohio claims against Borso and Elliot were dismissed, at least in part, on the basis of the statute of limitations. However, the Ohio Supreme Court has held that "a judgment based upon the statute of limitations is generally regarded as on the merits and bars another action for the same cause." *Moore v. Mount Carmel Health Sys.*, 162 Ohio St. 3d 106, 2020-Ohio-4113, ¶ 19 (quoting *LaBarbera v. Batsch*, 10 Ohio St.2d 106, 114-115 (1967)).

In this case, the trial court specifically stated that the Ohio action was dismissed **with prejudice** for failure to state a claim. Such a decision is clearly an adjudication on the merits under Ohio law.

Plaintiffs' arguments also confuse the concepts of failure to state a claim and subject matter jurisdiction. The former addresses the issue of whether the allegations within a complaint are sufficient to state a cause of action. The latter goes to the Court's ability to consider the issue.

The Ohio Constitution gives common pleas courts "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article IV, Section 4(B).  The Ohio Supreme Court has interpreted this as a broad grant of general subject matter jurisdiction extending to "all matters at law and in equity that are not denied to [common pleas courts]." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 20 (quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891)).

The Butler County Common Pleas Court clearly had subject matter jurisdiction over Plaintiffs' claims seeking recovery of damages for alleged violation of the Ohio Constitution.  The fact that such damages are not recoverable under Ohio law means that the Court correctly determined **the merits** of Plaintiffs' claims and found that such claims were subject to dismissal for failure to state a claim.  There was no indication that the common pleas court determined that it did not have subject matter jurisdiction to determine the merits of Plaintiffs' claims.  Indeed, if the common pleas court did not have subject matter jurisdiction, it would not have addressed the lack of **merits** of Plaintiffs' claims.

Plaintiffs' argument that the dismissal of their Ohio action was not on the merits is contrary to the applicable law, procedural history, and legal precedent.  Accordingly, the Court should adopt Magistrate Judge Litkovitz's finding that the first prong of the Ohio claim preclusion doctrine as recognized by the Sixth Circuit in *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) has been met.

5. **Magistrate Judge Litkovitz correctly found that the claims in this federal action could have been brought in the Ohio action and the third prong of the Ohio claim preclusion doctrine has been met**

Plaintiffs argue that the third prong of the Ohio claim preclusion test is not applicable because they could not have brought all of their claims in this action in the Ohio action. (Plaintiffs' Objections, Doc. No. 52 at PageID 557-558.)  However, the only claims actually brought by Plaintiffs in this federal action are for alleged U.S. constitutional violations under § 1983 and various Ohio common law tort claims. (Amended Complaint, Doc. No. 11, PageID 130, 152-160 (state law causes of action) 160-175 (federal causes of action).)

It is well established that state courts have concurrent jurisdiction with federal courts over § 1983 claims. *Howlett v. Rose*, 496 U.S. 356, 358 (1990); *W. Div. at Cincinnati Ralph Statzer v. Marquis*, 2020 U.S. Dist. LEXIS 129854, at *7, 2020 WL 4220463 (S.D. Ohio July 23, 2020). Thus, the Sixth Circuit has recognized that the dismissal of a state law action prohibits a party from seeking recovery under the same or similar facts in a subsequent federal action under § 1983. *Grey v. Morris*, 6th Cir. No. 95-1862, 1996 U.S. App. LEXIS 25316, at *8-10 (Aug. 29, 1996); *see also Nosse v. Potter*, 6th Cir. No. 23-3256, 2023 U.S. App. LEXIS 33919, at *5-11 (Dec. 19, 2023) (holding that under Ohio law, the dismissal of a state court action acts as res judicata with regard to any federal claims that could have been raised in the Ohio matter); *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414-418 (6th Cir.2016) (recognizing that a dismissal for failure to state a claim in a subsequently filed state court action involving the same parties and common nucleus of facts bars further litigation of any claims in a previously filed federal lawsuit that could have been raised in the state court action); *Hapgood*, 127 F.3d at 493-494.

This concept of claim preclusion under Ohio law "bars the litigation of all claims that either were **or might have been** litigated in a first lawsuit." *Hughes*, 95 Ohio St.3d 334, 2002-Ohio-2217, at ¶ 13 (emphasis added). Accordingly, because Plaintiffs **could have** litigated their state law tort claims as well as their § 1983 claims in the Ohio action, Magistrate Judge Litkovitz correctly found that the third prong of the Ohio claim preclusion test is met.

Plaintiffs' argument that they could not have brought their Ohio constitutional claims in this federal action is both incorrect and irrelevant.

Federal District courts have jurisdiction to consider alleged violations of the Ohio Constitution in conjunction with § 1983 claims. *ACLU of Ohio Found., Inc. v. Ashbrook*, 211 F. Supp. 2d 873, 879 (N.D. Ohio 2002); *Painter v. City of Cincinnati*, No. C-1-05-262, 2006 U.S. Dist. LEXIS 70455, at *17 (S.D. Ohio Sep. 28, 2006). In fact, both this Court and the Sixth Circuit have considered the merits of Ohio constitutional claims and found that there is no private cause of action for such claims, just as the Ohio court held in the related concurrent Ohio action in this case. *Hagedorn v. Cattani*, 715 F. App'x 499, 509 (6th Cir. 2017); *Sawyer v. Jeff Schmitt Auto Grp.*, No. 3:14-CV-436, 2015 U.S. Dist. LEXIS 19404, at *5, 2015 WL 710434 (S.D. Ohio Feb. 18, 2015). Thus, Plaintiffs assertion that they could not have brought claims for alleged violations of the Ohio Constitution in this action is incorrect.

Plaintiffs also argue that they would have been prevented from bringing their Ohio constitutional claims in this action by application of several abstention doctrines. In addition to being directly contrary to the above cited black letter law holding that federal courts can and do consider the merits of Ohio constitutional questions, this argument also improperly asks the Court to speculate as to whether it would have exercised its discretionary pendent jurisdiction over the Ohio Constitutional issues had they been raised herein. "If we were to participate in the speculative

gymnastics required to determine whether a federal court would or would not have exercised its supplemental jurisdiction over a state claim never brought, we would be doing disservice to the policy considerations res judicata protects." *Nwosun v. Gen. Mills Rests.*, 124 F.3d 1255, 1258 (10th Cir. 1997).

More importantly, however, Plaintiffs' argument on this point is irrelevant. The relevant issue in considering the claim preclusion doctrine is not what claims Plaintiffs could have brought in this action. The relevant issue is what claims Plaintiffs could have brought in the state court action because that is action in which the final judgment entry has been issued. A similar argument was considered and rejected by this Court in *Gardner*. *Gardner*, 2021 U.S. Dist. LEXIS 264326 at *8-*9. "It does not matter if the ruled-upon action did not explore all the possible theories of relief." *Id*. Because the § 1983 claims in this action could have been brought in the state court action, "for purposes of res judicata, [Plaintiffs'] federal claims are subsumed in the state court's judgment." *Id.* at *9.

As was the case in *Gardner*, the relevant question is not whether the claims in the Ohio action could have been litigated in the federal action, but whether the claims in the federal action could have been litigated in the Ohio action. Because the claims herein could have been brought in the Ohio action, Magistrate Judge Litkovitz correctly held that res judicata applies and requires dismissal of this action. *Id.*

Turning to at least somewhat relevant issues, Plaintiffs also attempt to avoid complete dismissal of this action by arguing that they brought (or intended to bring) additional claims other than § 1983 claims. Plaintiffs' argument regarding a **potential** § 1985(3) is incorrect as Ohio courts can consider such claims. *See Triple Diamond Trucking & Excavating LLC v. Trumbull Cty. Land Reutilization Corp.*, 2018-Ohio-5193, ¶ 87-91 (11th Dist. Ohio Ct. App.); *Jamison v.*

*Galena*, 2015-Ohio-2845, ¶ 46-49 (5th Dist. Ohio Ct. App.). Additionally, this argument is completely irrelevant because no such claim was raised in the amended complaint.

Plaintiffs also argue that the amended complaint contains claims for recovery under federal criminal statutes and seeks the empanelment of a grand jury. However, while the amended complaint contains references to alleged criminal violations and suggests that a grand jury should be empaneled to investigate those violations, there are no independent claims related to those issues, and Plaintiffs fail to articulate how they would be entitled to bring a civil claim against the Defendants under those statutes even if they had attempted to bring them as separate distinct claims.

Furthermore, Magistrate Judge Litkovitz's initial report and recommendation on the motion to dismiss declined to address the issue of the request for a grand jury empanelment (Doc. No. 29 at PageID 312), and Plaintiffs did not raise any objection to that portion of the decision. Thus, to the extent that such a request is a distinct claim, it has been waived. *Salsman v. Comm'r of Soc. Sec.*, No. 5:23-cv-01051, 2024 U.S. Dist. LEXIS 93995, at \*2, 2024 WL 2724334 (N.D. Ohio May 28, 2024) (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985)).

Additionally, even if for some reason the criminal statutes cited within the amended complaint and Plaintiffs' general request for the empanelment of grand jury are considered to be separate claims that could not have been raised in the Ohio action, there is no dispute that the § 1983 and Ohio common law tort claims, as well as the theoretical § 1985(3) claim, could have been raised in the Ohio action. Therefore, at the very least, all of the claims that indisputably could have been raised in the Ohio action are still subject to dismissal on the basis of res judicata regardless of whether there are additional claims to which res judicata does not apply.

Plaintiffs' request for the empanelment of a grand jury would also still be subject to dismissal for the reasons set forth in Defendants' initial motion to dismiss. "[T]he decision whether to investigate, arrest and prosecute various state officers and officials for alleged civil rights violations is a matter within the discretion of the United States attorney, and such prosecution cannot be compelled." *Hawkins v. Steible*, 16 F.3d 1219, 1994 U.S. App. LEXIS 1663, at *2-*3, 1994 WL 28617 (6th Cir. 1994).

To be clear, Defendants do not agree with the contention that there were claims raised in the amended complaint that could not have been brought in the Ohio action. Rather, Defendants are merely arguing that even if there had been claims in the amended complaint that could not have been brought in the Ohio action, the presence of any such claims would not prevent the application of res judicata as to those claims that could have been brought in the Ohio action, specifically the § 1983 claims, the Ohio common law tort claims, and the theoretical § 1985(3) claim.

Plaintiffs' arguments that their claims herein could not have been brought in the Ohio action are contrary to the applicable law, procedural history, and legal precedent. Accordingly, the Court should adopt Magistrate Judge Litkovitz's finding that the third prong of the Ohio claim preclusion doctrine as recognized by the Sixth Circuit in *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) has been met.

6. **Magistrate Judge Litkovitz correctly found that the doctrine of claim splitting is irrelevant and inapplicable**

Plaintiffs argue that their filing of a separate action in Ohio state court against the same parties based on the same underlying nexus of facts constituted improper claim splitting. (Plaintiffs' Objections, Doc. No. 52 at PageID 559.) Thus, according to Plaintiffs' argument, Defendants "acquiesced" to the improper splitting of the claims and waived any right to raise the issue of res judicata. (*Id.*) This argument, however, fails upon the fundamental proposition that

13

what Plaintiffs did in filing two separate actions in courts of concurrent jurisdiction in any manner constitutes improper claim splitting that Defendants could have objected to.

Both the U.S. and Ohio Supreme Courts have recognized that because state and federal courts have concurrent jurisdiction, a party may proceed with the litigation in both federal and state courts at the same time "**at least until judgment is obtained in one of them which may be set up as res judicata in the other**." *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (emphasis added); *Efros v. Nationwide Corp.*, 12 Ohio St.3d 191, 193–94 (1984). The claim splitting doctrine, on the other hand, "embraces the general rule that plaintiffs 'have no right to maintain two separate actions involving the same subject matter at the same time, <u>in the same court</u> and against the same defendants." *Urbano v. Bank of Am., N.A.*, No. 1:12-CV-00464 AWI SMS, 2012 U.S. Dist. LEXIS 99857, at *11-12, 2012 WL 2934154 (E.D. Cal. July 17, 2012) (emphasis in original) (quoting *Adams v. California Dept. of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007)); *see also Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (discussing claim splitting and noting that "**[a]s between federal district courts** ... the general principle is to avoid duplicative litigation.") (emphasis added) (quoting *Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). Put simply, "the claim splitting doctrine 'does not forbid a plaintiff from proceeding on the same cause of action in two different courts of concurrent jurisdiction at the same time, if jurisdiction is in personam.'" *Urbano*, 2012 U.S. Dist. LEXIS 99857, at *11 (quoting *Walton v. UTV of San Francisco, Inc.*, 776 F.Supp. 1399, 1400 (N.D.Cal.1991) (citing *Kline v. Burke Construction Co.*, 260 U.S. 226, 230 (1922); *Donovan v. City of Dallas*, 377 U.S. 408, 412-414 (1963); *Princess Lida*, 305 U.S. at 466).

The distinction and difference in effect and substance between claim splitting and simultaneous lawsuits in courts of concurrent jurisdiction was addressed by the Tenth Circuit as follows:

> Because a dismissal for claim-splitting is premised on the district court's ability to manage its own docket by dismissing duplicative cases, we ordinarily review such a dismissal for abuse of discretion. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002). But the threshold legal question of whether the claim-splitting rule applies at all is one we review de novo.

> As the district court noted, we have held that "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). "[T]he claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation." *Id.* For example, a district court may apply the rule against claim-splitting when a party files two identical—or nearly identical—complaints to get around a procedural rule.

> Citing *Katz* and *Hartsel Springs*, the district court concluded that Wyles couldn't evade the state court's denial of his motion to amend by filing a substantially similar complaint in federal court that contained the very claim the state court refused to let Wyles add, via amendment, to his state complaint. But both *Katz* and *Hartsel Springs* concerned the plaintiffs' attempts to concurrently maintain substantially similar lawsuits in federal court. **And although the district court and the parties appeared to assume that the claim-splitting rule applies equally to attempts to maintain identical actions in state and federal court, case law indicates otherwise.**

> Admittedly, *Katz* employed broad language in requiring a plaintiff to bring all factually-related claims in one lawsuit. But the general rule is that a pending state-court action is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.

> Consistent with that rule, we've previously commented upon simultaneous jurisdiction of factually-related suits in federal and state courts. *See Carter v. City of Emporia*, 815 F.2d 617, 621 (10th Cir. 1987) (noting plaintiff "may freely split a cause of action between federal and state courts and pursue both actions," though noting the risk of claim preclusion). Though we permit dismissal of a federal suit under exceptional circumstances, we've warned against dismissing a federal suit solely because a similar suit was pending in state court. *See, e.g., D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) ("And, to be sure, a federal court will not and should not shy away from contemporaneously exercising concurrent jurisdiction with a state court in the ordinary course of

things."); *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994) (noting that pending state-court action doesn't preclude parallel federal-court action).

In contrast, a federal court generally will avoid duplicative litigation **within the federal court system**. *See Colorado River*, 424 U.S. at 817 ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Enforcing the claim-splitting rule is one way a federal court avoids duplicative federal litigation. *See, e.g., Katz*, 655 F.3d at 1217 (describing claim-splitting as maintaining "two actions on the same subject in the same court, against the same defendant at the same time"; *Hartsel Springs*, 296 F.3d at 985 (noting that dismissal for claim-splitting is proper when duplicative action is "already pending in another federal court". As our Supreme Court explained in *Colorado River*, "This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 424 U.S. at 817.

Here, Wyles first filed suit in state court and later filed a nearly identical suit in federal court. In dismissing the federal complaint under the rule against claim-splitting, the district court faulted Wyles for filing the federal complaint in what the district court saw as an effort to evade an unfavorable procedural ruling in state court. But such an evasive tactic is improper only when both complaints are filed in federal court. And a federal court with jurisdiction isn't barred from hearing a suit concerning the same matter as a suit pending in state court. Accordingly, the district court erred in dismissing Wyles' federal complaint under the rule against claim-splitting.

*Wyles v. Sussman*, 661 F. App'x 548, 550-52 (10th Cir. 2016) (cleaned up, emphases added).

As noted by the U.S. Supreme Court, "[e]arly in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings." *Donovan*, 377 U.S. at 412. Thus, state and federal courts have concurrent jurisdiction over in personam claims for damages such as those brought by the Plaintiffs herein and the judgment obtained in first such concurrent action acts as res judicata in the latter. *Id.* (quoting *Princess Lida*, 305 U.S. at 465-468). Moreover, the U.S. Supreme Court explicitly recognized that plaintiffs have the **right** to proceed with such concurrent litigation and the question of whether a state court judgment acts as res judicata to a subsequent federal action is a question of law for the federal courts to determine. *Id.*

16

To be fair, as noted by the court in *Wyles*, there are instances in which some courts have improperly utilized the term "claim splitting" within similar factual contexts where a party has brought a claim in both federal and state court.  However, Plaintiffs do not cite to any cases that have undertaken a substantive review of this issue and determined that the doctrine of claim splitting prevents the application of res judicata in a  federal action based upon an earlier judgment in a related state court action.

One case cited in both Defendants' memoranda and Magistrate Judge Litkovitz's report and recommendation, *William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856 (6th Cir. 2021), is particularly instructive.  In that case, the plaintiff brought simultaneous suits against the defendant in both federal and Ohio state court.  *Id.* at 861.  After the state court issued a judgment in its favor, the defendant moved to dismiss the federal action on the basis of claim preclusion.  *Id.*  The district court agreed that claim preclusion applied, but held that an exception to the application of res judicata set forth in Restatement (Second) of Judgments § 26 applied, similar to the arguments raised by Plaintiffs herein.  *Id.* at 862.

On appeal, the Sixth Circuit affirmed the district court's finding that claim preclusion applied.  *Id.* at 869-872.  In making this decision the Sixth Circuit held that "in parallel state and federal proceedings, the first to reach judgment will usually bar the other."  *Id.* at 872 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996)).  "Where the judgment sought is strictly in personam, for the recovery of money . . . both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other."  *Williams Powell* at 872 (quoting *Penn Gen. Cas. Co. v. Commonwealth of Penn. ex rel. Schnader*, 294 U.S. 189, 195 (1935)).  "That's what happened here.  And so claim preclusion applies."  *Williams Powell* at 872.

17

The Sixth Circuit went on to consider and reject plaintiffs' arguments seeking to avoid the application of claim preclusion, some of which were the same as those raised by Plaintiffs herein, including the application of the exceptions to the claim splitting doctrine set forth in the Restatement (Second) of Judgments § 26. *Id.* at 872-875. In finding that the exceptions to claim splitting set forth in the Restatement do not apply, the Sixth Circuit recognized that:

> As we have already noted, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other. In other words, two proceedings touching the same subject matter can proceed separately in state and federal court, and the one to reach judgment first may bar the other. **So it is not inequitable to let both proceedings go forward and then use the first action that reaches judgment to bar the other. In fact, that is exactly what the general rule says should happen.**

*Id.* at 874-875 (cleaned up, emphasis added). The Sixth Circuit also rejected the application of the abstention doctrine in such circumstances, another issue raised by Plaintiffs herein, finding:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. It is an extraordinary and narrow exception to federal courts' duty to decide the cases before them, one a district court should apply only in exceptional circumstances. So as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. This all flows from federal courts' virtually unflagging obligation to exercise the jurisdiction given them. **And it means that the mere pendency of a state-court case concerning the same subject matter as a federal case is not reason enough to abstain.**
>
> In other words, the district court followed the general rule here by allowing the case to proceed after OneBeacon's first motion to dismiss. And the district court obeying its virtually unflagging obligation to exercise its jurisdiction, coupled with the general rule that courts should allow cases touching the same subject matter in different courts to proceed and *then* apply res judicata, is not inequitable. **If anything, that's what the traditional rules of claim preclusion instruct courts to do.**

*Id.* at 875 (cleaned up, bold emphases added, italics in original). The

Thus, contrary to Plaintiffs' assertion, the decision in *Williams Powell* does not support his argument that the circumstances in this case constitute claim splitting and thus implicate the

exceptions to the application of res judicata set forth in the Restatement when a party acquiesces to claim splitting.  Instead, the decision confirms the well-established precedent set forth by the U.S. Supreme Court and followed by the Sixth Circuit, which allowed Plaintiff to pursue two related simultaneous actions in federal and state court based on the same underlying nexus of facts. Put simply, Plaintiffs' actions did not constitute claim splitting, and Defendants did not waive the application of res judicata by failing to object to the simultaneous actions.  Indeed, Plaintiffs' argument is not only directly contrary to the applicable law, but it also violates basis tenets of logic as it seeks punish Defendants for failing to object to a course of action that Plaintiffs were clearly entitled to undertake.

Magistrate Judge Litkovitz correctly determined that Plaintiffs did not engage in claim splitting when they pursued simultaneous actions in federal and state court against the same party based on the same underlying nexus of facts.  Accordingly, Magistrate Judge Litkovitz also correctly held that the claim splitting exceptions to the application of res judicata are not applicable, and the Court should sustain her findings on this point.

7. **<u>Conclusion</u>**

For the reasons set forth above, Magistrate Judge Litkovitz's recommendation that Plaintiffs' claims against the City should be dismissed on the additional basis of the application of the claim preclusion doctrine should be accepted and adopted by the Court.

Respectfully submitted,

/s Jared A. Wagner
JANE M. LYNCH (0012180)
JARED A. WAGNER (0076674)
GREEN & GREEN, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402
Telephone: 937.224.3333
jmlynch@green-law.com
jawagner@green-law.com

*Attorneys for Defendants City of Oxford,*
*Laura Borso, Doug Elliott, and Sam Perry*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon pro se plaintiffs Tate Prows, 225 W. Chestnut Street, Oxford, Ohio 45056, tatemo22@yahoo.com and Ann Prows, 4354 Kehr Road, Oxford, Ohio 45056, through the Court's electronic filing system, email, and/or via regular mail on this the 20th of August 2024.

/s Jared A. Wagner
Jared A. Wagner (0076674)