IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TATE DAVID PROWS, et al., | : | Case No. 1:23-cv-330 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| CITY OF OXFORD, et al., | : | |
| | : | |
| Defendants. | : | |

### ENTRY AND ORDER

This matter is before the Court upon the Report and Recommendation (Doc. 29) and Supplemental Report and Recommendation (Doc. 50) of United States Magistrate Judge Karen L. Litkovitz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). The initial Report recommends that Defendants' Motion to Dismiss the Original Complaint (Doc. 7) be denied as moot and that Defendants' Motion to Dismiss the Amended Complaint (Doc. 12) be granted. (*See* Doc. 29.) Plaintiffs objected to the Report. (Doc. 36.) The Supplemental Report recommended granting Defendants' Motion to Dismiss on the additional ground of res judicata. (*See* Doc. 50.) Plaintiffs likewise objected to this Report. (Doc. 52.) These matters have been fully briefed and are thus ripe for review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has completed a de novo review of this record. Upon review, the Court agrees with the thorough analysis contained in the Magistrate Judge's Reports. Still, the Court will address Plaintiffs' Objections to ensure a clear statement of the bases for the Court's

dismissal of their complaint.

I. **Res Judicata**

Plaintiffs object to the Magistrate Judge's recommendation that their complaint is barred under res judicata. Specifically, Plaintiffs contend that the judgment in state court dismissing their complaint was not decided on the merits, it would have been improper to bring their federal claims in state court, and it would have been similarly improper to bring their state constitutional claims in this Court. (Objections, Doc. 52, Pg. ID 556-57.)

The Magistrate Judge correctly concluded that the state court action was dismissed on the merits. The Butler County Court of Common Pleas dismissed Plaintiffs' complaint for failure to state a claim under Ohio Rule 12(b)(6). (State Court Order, Doc. 42-2, Pg. ID 450-52, 459.) "Under Ohio law, a dismissal grounded on a complaint's failure to state a claim upon which relief can be granted constitutes an adjudication on the merits." *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (6th Cir. 2016) (quotations omitted). Moreover, Plaintiffs' objections that they needed to bring the federal claims in federal court and the state constitutional claims in state court is unavailing. Federal courts can decide state constitutional issues, and state courts can decide federal issues. *See Wendrow v. Mich. Dept. of Hum. Servs.*, 534 F. App'x 516, 525 (6th Cir. 2013); *Hughes v. Gen. Motors Corp.*, 212 F. App'x 497, 501 (6th Cir. 2007).

To the extent Plaintiffs argue that claim splitting would have prevented them from bringing federal claims in their Ohio court case, the Court agrees with the Magistrate Judge's rejection of this argument. (*See* Report, Doc. 50, Pg. ID 539-541.) A court may exercise its "inherent discretionary authority to manage its own docket" to prevent claim

2

splitting or duplicative litigation. *See Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019). However, unlike the situation here, claim splitting disfavors duplicative litigation within federal court. *See, e.g., Wyles v. Sussman*, 661 F. App'x 548, 550-52 (10th Cir. 2016); *Napper v. Jaynes*, No. 3:21-CV-320, 2022 WL 2651854, at *3 (W.D. Ky. July 8, 2022) (citing *Curtis v. Citibank N.A.*, 226 F.3d 133, 139 (2d Cir. 2000)). When it comes to state and federal courts, the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction." *William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 875 (6th Cir. 2021) (quotation omitted). So, "both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res adjudicata* in the other." *Id.* at 874-75. The Court therefore overrules Plaintiffs' objections as to res judicata. In any event, Plaintiffs' objections on the merits are not well-taken as discussed below.

**II. Merits**

Plaintiffs seek relief under state law and 42 U.S.C. § 1983, arguing that Defendants violated their Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights when Defendants posted a notice that Plaintiffs violated the City's lawn-care ordinance on their door, arranged to mow Plaintiffs' property, and imposed a civil fine for violating the ordinance. (*See* Am. Compl., Doc. 11, ¶¶ 13-14, 33-53.)

**a. Fourth Amendment**

Plaintiffs argue in their objections that Defendants' entries onto their property were impermissible, they are sovereign citizens not subject to local administrative law,

3

and Defendants seized their property when they mowed over saplings. (Objections, Doc. 36, Pg. ID 346-47.)

First, well-established authority provides that local officials may enter one's property for a limited purpose and time without that entrance constituting a search. *See Florida v. Jardines*, 569 U.S. 1, 7-8 (2013); *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 580-81 (6th Cir. 2005) (holding that a code enforcement officer did not violate the Fourth Amendment when he posted a violation notice on the front door of a house). Plaintiffs contend that *Widgren* was "a shocking example of government overreach and likely a poorly written complaint." (Objections, Doc. 36, Pg. ID 347.) Even if this were true, *Widgren* remains controlling authority here.

Second, courts have consistently rejected sovereign citizen arguments of the sort that Plaintiffs make. *See, e.g., United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases). And, Plaintiffs provide no persuasive authority to deviate from such precedent.

Third, Plaintiffs do not meaningfully contest the Magistrate Judge's conclusion that their lawn and saplings were not "effects" under the Fourth Amendment, thereby foreclosing their claim that mowing constituted an illegal seizure. *See Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) (holding that a party waives the right to object to a magistrate judge's conclusion when she fails to specifically object to the recommendation). In any event, the Magistrate Judge correctly determined that the saplings were not "effects." *See F.P. Dev., LLC v. Charter Twp. of Canton*, 16 F.4th 198 (6th Cir. 2021) (holding that trees were not "effects" under the Fourth Amendment). Thus,

4

Plaintiffs have not shown that Defendants violated their Fourth Amendment rights. Nor have Plaintiffs shown that "the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The Court therefore overrules Plaintiffs' objections as to their Fourth Amendment claims.

### b. Fifth Amendment

Plaintiffs do not meaningfully contest the recommended dismissal of their Fifth Amendment Due Process claim because the provision has not been incorporated to the States. (Objections, Doc. 36, Pg. ID 348.) That said, Plaintiffs do object to dismissal of the Fifth Amendment Takings Clause claim, arguing that a taking occurred when Defendants physically intruded on their property. (*Id.* at Pg. ID 348-49.) Plaintiffs, however, did not make the required showing that Defendants appropriated their property to benefit someone else. *See Gold Vill. N., LLC v. City of Powell*, 14 F.4th 611, 618, 621 (6th Cir. 2021). Thus, the Court overrules Plaintiffs' objections as to their Fifth Amendment claims.

### c. Eighth Amendment

Plaintiffs object to the recommended dismissal of their Eighth Amendment claim, arguing that the fine imposed was punitive and excessive. (Objections, Doc. 36, Pg. ID 349.) In Plaintiffs' estimation, the fine was excessive because there was no underlying offense. (*Id.*) But, the Magistrate Judge properly rejected that argument in the Report. (Report, Doc. 29, Pg. ID 303.) The Eighth Amendment prohibits excessive fines as punishment for offenses. *Timbs v. Indiana*, 586 U.S. 146, 149-51 (2019). Plaintiffs provide no authority showing that they may contest their guilt of the underlying offense under

the Eighth Amendment. The Court therefore overrules Plaintiffs' objections as to this claim.

### d. Ninth Amendment

Plaintiffs argue that the Ninth Amendment recognizes rights in addition to those in the Bill of Rights, including rights to property. (Objections, Doc. 36, Pg. ID 350.) The Sixth Circuit has held that "the Ninth Amendment does not confer substantive rights." *Cooper Butt ex rel. Q.T.R. v. Barr*, 954 F.3d 901, 908 (6th Cir. 2020) (citing *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991)). Plaintiffs' attempt to factually distinguish this case from *Cooper* and *Gibson* is unpersuasive because the Sixth Circuit has imposed a categorical rule barring substantive claims under the Ninth Amendment. *See id.* The Court therefore overrules Plaintiffs' objections to their Ninth Amendment claim.

### e. Fourteenth Amendment

Plaintiffs raise several objections concerning the recommended dismissal of their claims brought under the Fourteenth Amendment. Specifically, Plaintiffs brought claims under the Fourteenth Amendment's Equal Protection, Privileges or Immunities, and Due Process Clauses. The Court will address each in turn.

#### i. Equal Protection

Plaintiffs object to the Magistrate Judge's conclusion that they did not sufficiently plead an equal protection violation under the Fourteenth Amendment. (Objections, Doc. 36, Pg. ID 354.) They first, without more, "strenuously object" to the Magistrate Judge's conclusion that they did not show the violation of a fundamental right. (*Id.*) This general objection is insufficient to preserve review of the Magistrate Judge's recommendation.

*See Carter*, 829 F.3d at 472.

Plaintiffs also contend that they were treated differently than similarly situated citizens in Oxford, and that all Ohio citizens enjoy the same rights. (Objections, Doc. 36, Pg. ID 354.) This differs slightly from Plaintiffs' earlier contentions, where they claimed to have been treated differently than people living in Oxford Township, outside the City of Oxford. (*See* Am. Compl., Doc. 11, ¶ 254.) Regardless of the difference, Plaintiffs still fail to show that Defendants treated them differently than other residents of Oxford, let alone residents similarly situated in all material respects. *See Superior Commc'ns v. City of Riverview*, 881 F.3d 432, 446 (6th Cir. 2018) (quotations omitted). As a result, Plaintiffs' Equal Protection claim must fail, and the Court overrules their objections as to this claim.

### ii. Privileges or Immunities

Plaintiffs next object to the recommended dismissal of their claim brought under the Privileges or Immunities Clause. (Objections, Doc. 36, Pg. ID 354-55.) Plaintiffs argue that the *Slaughterhouse Cases*, 83 U.S. 36 (1872), permit this claim to continue in order to vindicate violations of their Fourth, Fifth, Eighth, and Ninth Amendment rights. (*Id.*) But, courts have recognized that the rights protected by the Fourteenth Amendment are done so through the Due Process Clause. *See Timbs*, 586 U.S. at 150. The Privileges or Immunities Clause has been "[l]argely dormant" since the *Slaughterhouse Cases*, and it does not apply to the rights referenced by Plaintiffs. *Johnson v. Bredesen*, 624 F.3d 742, 751 (6th Cir. 2010). So, the Court overrules Plaintiffs' objections as to their claim under the Privileges or Immunities Clause.

### iii. Due Process

Plaintiffs object to the recommended dismissal of their Fourteenth Amendment Due Process claim, specifically contesting a lack of procedural due process. (*See* Objections, Doc. 36, Pg. ID 355-57.) Plaintiffs contend that Defendants did not comply with state and local laws when they issued the ordinance violation. (*Id.* at Pg. ID 357-58.) That said, the Constitution does not require strict adherence to the notice rules; rather, it requires that notice be given to alert Plaintiffs of their violations and of their avenues for contesting the violations. *Shoemaker v. City of Howell*, 795 F.3d 553, 560-61 (6th Cir. 2015). Plaintiffs challenge the Magistrate Judge's conclusion that *Shoemaker* foreclosed their procedural due process claims, but in effect they seek to re-litigate *Shoemaker* using their own arguments. (*See* Objections, Doc. 36, Pg. ID 351-354.) The Court concludes that *Shoemaker*, which addressed due process claims involving a similar lawn-care ordinance, is controlling here. The Magistrate Judge did nor err in concluding the same.

To the extent that Plaintiffs contest the application of the balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court notes that its three-factor test is the vehicle by which courts are to analyze procedural due process claims. *See Johnson v. City of Saginaw*, 980 F.3d 509-510 (6th Cir. 2020). Using the *Mathews* test was therefore appropriate. Thus, the Court overrules Plaintiffs' objections as to this claim.

### f. *Monell* Liability

Plaintiffs object to the recommended dismissal of their claim for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (*See* Objections, Doc. 36, Pg. ID 343.) However, as Plaintiffs do not specifically contest the conclusion that there can be no

8

*Monell* liability without an underlying constitutional violation, they waive their objection on this claim. *Carter*, 829 F.3d at 472. In any event, the Magistrate Judge properly concluded that dismissal is appropriate. *See Dibrell v. City of Knoxville*, 984 F.3d 1156, 1165 (6th Cir. 2021). Thus, the Court overrules Plaintiffs' objection.

### g. State Law Claims

Plaintiffs also object to the recommended dismissal of their state law claims. (*See* Objections, Doc. 36, Pg. ID 343.) As demonstrated above, Plaintiffs' federal claims do not survive Defendants' Motion to Dismiss. It is therefore appropriate for this Court not to exercise its supplemental jurisdiction over Plaintiffs' state law claims and to dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Golf Vill. North*, 14 F.4th at 624. The Court therefore overrules Plaintiffs' objections as to these claims.

### h. Pretrial Motions

Plaintiffs object to the denial of their motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure and their motion to take judicial notice of facts under Rule 201 of the Federal Rules of Evidence. (*See* Plaintiffs' Rule 11 Objection, Doc. 32; Plaintiffs' Rule 201 Objection, Doc. 33.) The Court considers each in turn.

Plaintiffs first argue that the Magistrate Judge should have sanctioned Defendants' counsel under Federal Rule of Civil Procedure 11(c) for his representations throughout the proceedings. (Plaintiffs' Rule 11 Objections, Doc. 32.) Plaintiffs challenged counsel's arguments about Oxford's authority to impose its own ordinances, his classification of Plaintiffs as "individuals" subject to Oxford's municipal code, his description of the imposed fine at issue, and his arguments about the limited reach of the Privileges or

Immunities Clause. (*See id.* at Pg. ID 320-1, 324, 329, 331-32.)

Rule 11(b) establishes the basic guidelines for what counsel may represent to the Court. Fed. R. Civ. P. 11(b). The test for whether sanctions are appropriate under Rule 11(c) "is whether the conduct for which sanctions are sought was reasonable under the circumstances." *Salkil v. Mount Sterling Twp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006) (quotations omitted). Plaintiffs have not shown that Defendants' counsel acted unreasonably or that his arguments lacked a reasonable basis in law. *See Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014). Thus, the Court overrules Plaintiffs' objection.

Plaintiffs also object that the Magistrate Judge should have taken judicial notice of Defendants initiating in rem proceedings against their property and using the City's Administrative Code against them. (Plaintiffs' Rule 201 Objection, Doc. 33, Pg. ID 334.) But, courts do not take judicial notice of the legal principles involved in a case. *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002). The Court therefore overrules this objection.

## CONCLUSION

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of this matter. Accordingly, the Court **OVERRULES** Plaintiffs' Objections (Docs. 32, 33, 36, 52) and **ADOPTS** the Report and Recommendation (Doc. 29) and the Supplemental Report and Recommendation (Doc. 50) in their entirety. The Court **ORDERS** the following:

(1) Defendants' Motion to Dismiss the Original Complaint (Doc. 7) is **DENIED AS**

**MOOT**;

(2) Defendants' Motion to Dismiss the Amended Complaint (Doc. 12) is **GRANTED**;

(3) Plaintiffs' Rule 11 Objection (Doc. 32) is **DENIED**;

(4) Plaintiffs' Rule 201 Objection (Doc. 33) is **DENIED**;

(5) Defendants' Motion for Leave to Raise Res Judicata (Doc. 42) is **GRANTED**; and

(6) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND